**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:09CV-P160-S**

**JOHN ROBERT EDWARDS, JR.**                                                        **PLAINTIFF**

**v.**

**ARAMARK CORRECTIONAL SERVICES** *et al.*                       **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

Plaintiff is a prisoner currently incarcerated at the Northpoint Training Center in Burgin, Kentucky. He files suit under 42 U.S.C. § 1983 against Aramark Correctional Services ("Aramark"), Warden Steve Haney, and prison employee Craig Hughes. Plaintiff alleges that on approximately February 17, 2009, he consumed a piece of gravel in his food prepared by Defendant Aramark. He contends that the incident amounted to a violation of the Eighth Amendment to the United States Constitution by Aramark. Plaintiff also alleges that prior to that event, on December 19, 2008, Defendant Haney denied his request to be moved from Northpoint Training Center "to eliminate any further undue harm." He goes on to allege that "[w]herefore, the results of this current action was set up and created by the lack of diligence, thus too a violation of [his] Eighth Amendment right against Cruel and Unusal [sic] punishment." Finally, Plaintiff alleges that Defendant Hughes failed to supply him with documents that he requested concerning the incident, which he alleges is a violation of the Open Records Act.

As relief, Plaintiff seeks $55,000 in monetary damages, revocation of the prison's contract with Aramark, and $155,000 in punitive damages.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, or any portion thereof, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*,

2

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.     Defendants Aramark and Haney**

To state a claim under § 1983, a plaintiff initially must plead and prove two elements: (1) that he has been deprived of a right, privilege or immunity secured by the Constitution and laws of the United States; and (2) that the defendant(s) deprived him of that right while acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has held that while a prisoner is constitutionally entitled to food that is nutritionally adequate for the maintenance of normal health, complaints about "the preparation or quality of prison food" are generally "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977). When dealing with food quality and preparation, most courts have held that the Constitution merely "requires that food be prepared in a manner that reasonably accords with sound sanitary procedures." *See Kennibrew v. Russell*, 578 F.Supp. 164, 168 (E.D. Tenn. 1983).

To state a constitutional violation for unsanitary food preparation a prisoner must do more than allege a single or isolated incident of contamination. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). "The fact that the [prison] food occasionally contains foreign

3

objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Smith v. Younger*, No. 98-5482, 1999 U.S. App. LEXIS 20168, *6-7 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of plaintiffs Eighth Amendment claim based on the presence of a worm in her peanut butter).

In this case, Plaintiff alleges one incident in which he consumed a piece of gravel in his meal. He does not allege that his prison diet is consistently nutritionally inadequate or that his food regularly or even often contains gravel. Under these facts, this Court finds that Plaintiff does not properly allege a violation of his constitutional rights. Therefore, Plaintiff's § 1983 claim against Aramark Correctional Services will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also claims that, two months prior to this incident, Defendant Warden Haney denied his request to be removed from the facility "to eliminate any further undue harm." Plaintiff does not identify any reason for his request to be removed from the facility, except for the allegations concerning the above incident, nor does he allege any other basis for an Eighth Amendment claim against Haney. Therefore, Plaintiff's § 1983 claim against Defendant Haney also fails to state a claim upon which relief may be granted.

**B.** **Defendant Hughes**

Plaintiff also alleges that Defendant Hughes failed to furnish him documents, which he claims is a violation of the Open Records Act. Violation of the Open Records Act, a Kentucky statute codified at KRS § 61.870, *et seq.*, does not rise to the level of a constitutional violation and is therefore not a cognizable claim under § 1983. Further, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . if . . . the district court has dismissed all claims

over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's Open Records Act claim.  Consequently, Plaintiff's claim against Defendant Hughes will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff Edwards, *pro se*
        Defendants
4411.010